Nicole M. Shaffer (SBN 244366)
Nicole.Shaffer@jacksonlewis.com
Kaveh S. Hosseini (SBN 309658)
Kaveh.Hosseini@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380

Attorneys for Defendant
Vertex Pharmaceuticals Incorporated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUI-HSIANG FAN aka RACHEL FAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, and DOES 1 to 20,<br><br>Defendants. | CASE NO.: '19CV1959 JM   WVG<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>[*Filed concurrently with Declarations of Nicole M. Shaffer and Karen Sylvester; Civil Case Cover Sheet; Corporate Disclosure Statement; Notice of Party with Financial Interest; and Request for Judicial Notice*]<br><br>Complaint Filed: July 19, 2019<br>Trial Date: None Set |

/ / /

/ / /

/ / /

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Vertex Pharmaceuticals Incorporated ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a), 1441(b), and 1446 to remove this action from the Superior Court of California for the County of San Diego based on diversity jurisdiction. In support thereof, Defendant avers the following:

## STATEMENT OF JURISDICTION

1. The District Court has diversity jurisdiction under 28 U.S.C. § 1332(a) where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the Action is timely and properly removed upon the filing of this Notice.

## PLEADINGS AND PROCESS

3. On July 19, 2019, Plaintiff Jui-Hsiang Fan aka Rachel Fan filed a Complaint in the Superior Court of California for the County of San Diego, bearing Case Number 37-2019-00037705-CU-WT-CTL, and alleging the following claims: (1) Discrimination in Violation of the Fair Employment and Housing Act; (2) Discrimination Based on Exercise of Leave Rights; (3) Retaliation; and (4) Violation of Public Policy. (See Complaint attached as Exhibit A to the Declaration of Nicole M. Shaffer ("Shaffer Decl."), ¶ 2).

4. Defendant Vertex Pharmaceuticals Incorporated was served through its registered agent, with a copy of Plaintiff's Summons, Complaint, and other related court documents on September 9, 2019.

5. As of the date of this Notice of Removal, the pleadings and papers in Exhibit A constitute all court filings with which Defendant has been served with or itself served. (Shaffer Decl. ¶ 4).

**TIMELINESS OF REMOVAL**

6. This Notice of Removal has been filed within thirty (30) days after service was effectuated upon Defendant with a copy of Plaintiff's Summons and Complaint upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant as opposed to receipt of complaint through other means). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b). No previous Notice of Removal has been filed with this Court for the relief sought herein.

**NOTICE TO ALL PARTIES AND STATE COURT**

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and the San Diego County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**VENUE**

8. Venue of this action lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1391(b)(1) as this is the judicial district in which Plaintiff alleges the action arose and where, based on information and belief, Plaintiff resides.

**DIVERSITY OF CITIZENSHIP**

9. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP* (2004) 541 U.S. 567, 571. As shown below, there is complete diversity of citizenship because this is an action between Plaintiff, a citizen of California, on the one hand, and Defendant, a citizen of Massachusetts, on the other hand.

10. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v.*

*Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

11. Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. (See Complaint ¶ 3, attached as Exhibit A to Shaffer Decl. at ¶ 3).

12. The citizenship of a corporation is the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz v. Friend* (2010) 130 S. Ct. 1181, 1186. Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state. *Id*.

13. Defendant was, and at the time the Complaint was filed in state court, and still is, at the time of removal, a Massachusetts corporation and has its headquarters and principal executive offices in Boston, Massachusetts. (See Declaration of Karen Sylvester ("Sylvester Decl."), ¶¶ 4-6).

14. The presence of Doe defendants in this case has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"). DOES 1 through 20 here are fictitious defendants, are not parties to this action and have not been named or served. They should accordingly be disregarded in determining the court's original jurisdiction over this matter.

## AMOUNT IN CONTROVERSY

15. Plaintiff's Civil Case Cover Sheet specifies that the amount in controversy "exceeds the sum of $25,000.00," and Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of $75,000 and the jurisdictional requirements of this

Court. (See Complaint attached to Shaffer Decl. as Exhibit A).

16. Without conceding Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. § 1332(a). Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404.

17. The Court must also presume that Plaintiff will prevail on each and every one of her claims in determining whether the amount in controversy is satisfied. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F. Supp. 2d 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability"), citing *Angus v. Shiley Inc.*, (3rd Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Therefore, the argument and facts set forth below may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n. 1.

18. The Complaint asserts the following causes of action: (1) Discrimination in Violation of the Fair Employment and Housing Act; (2) Discrimination Based on Exercise of Leave Rights; (3) Retaliation; and (4) Violation of Public Policy. (See Complaint attached as Exhibit A to the Declaration of Nicole M. Shaffer ("Shaffer Decl."), ¶¶ 2-3). Plaintiff seeks, *inter alia*, the following forms of relief: general damages, including emotional distress damages, special damages, compensatory damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. (See Complaint, Prayer for Relief, attached as Exhibit A to Shaffer Decl.).

19. Moreover, Plaintiff, through her counsel, specifically informed Defendant, through its counsel, that Plaintiff's "most optimistic estimate of her wage loss" alone is $387,500. (See Shaffer Decl.; Cress demand letter, attached as Exhibit B to Shaffer Decl.

at ¶¶ 5-6). While a settlement communication such as this is inadmissible to prove liability, it is relevant evidence of the amount in controversy for purposes of removal "if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 840; *Lowery v. Alabama Power Co.* (11th Cir. 2007) 483 F.3d 1184, 1213, fn. 62; *Addo v. Globe Life & Acc. Ins. Co.* (5th Cir. 2000) 230 F.3d 759, 761; *see also Babasa v. LensCrafters, Inc.* (9th Cir. 2007) 498 F.3d 972, 974 (settlement letters may serve as a "paper" triggering the removal clock).

20. **Amount in Controversy as to Economic Damages:** Moreover, prevailing plaintiffs in an employment termination case are generally entitled to past and future loss of earnings. *Villacorta v. Cemex Cement, Inc.* (2013) 221 Cal. App. 4th 1425, 1432 (2013); see also *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal. App. 4th 413, 427 ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.").

21. Defendant has a reasonable good faith belief that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement.  Defendant employed Plaintiff from approximately October 31, 2007, to August 10, 2018. (Sylvester Decl. ¶ 3.)  Plaintiff's last position with Defendant was a Senior Associate. Plaintiff alleges that Defendant wrongfully terminated her employment, and, among other damages, is claiming loss of earnings.

22. At the time of her termination, Plaintiff was a full-time exempt employee earning an annual base salary of approximately $101,538.00. (Sylvester Decl. ¶ 3.)  Using this information, excluding any mitigation, currently, Plaintiff's loss of earnings are roughly $118,461.00 ($101,538 / 12 x 14 months).  This alone satisfies the jurisdictional minimum requirement.

23. **Amount in Controversy as Emotional Distress:** Plaintiff also seeks damages for suffering "humiliation, emotional distress, and mental and physical pain and anguish…." (See Complaint, ¶¶ 30, 39, 49, and 56, attached as Exhibit A to Shaffer Decl.). Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. Importantly, "a defendant does not need to show that cases are factually similar [but rather] **only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action**. *Id.* at *9 *(Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive ... [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.")).

24. Plaintiffs who seek recovery for emotional distress damages in analogous employment litigation frequently have been awarded emotional distress damages well in excess of $75,000. *See*, e.g., Defendant's Request for Judicial Notice filed herewith ("RJN") RJN, Exh. 1, *Stepp v. Fidelity National Title Group, Inc.*, No. BC517311 (Cal. Superior Dec. 4, 2015) (awarding $191,600 in pain and suffering plus $377,250 in emotional distress damages to plaintiff claiming pregnancy/gender discrimination and intentional infliction of emotional distress based on FEHA); RJN Exh. 2, *Tapia v. San Gabriel Transit, Inc.*, No. BC482433 (Cal. Superior Nov. 16, 2015) (awarding $775,000 in emotional distress damages to plaintiff driver in discrimination and wrongful termination case); RJN Exh. 3, *Anderton v. Bass Underwriters, Inc.*, No. 34-2013-00149236-CU-WT-GDS (Cal. Superior Sep. 21, 2015) (awarding $812,000 in emotional distress damages to plaintiff in discrimination and wrongful termination claim); RJN Exh. 4, *Eun Joo Ko v. Square Group, LLC dba The Square Supermarket*, BC487739 (Cal. Superior June 16, 2014) ($125,000 in emotional distress damages for wrongful termination).

25. **Amount in Controversy as to Punitive Damages:** Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. Juries have awarded substantial punitive damages to plaintiffs in analogous cases alleging wrongful

termination. RJN Exh. 5, *Jafa-Bodden v. Bikram Choudhury,* No. BC512041 (Cal. Superior Jan. 26, 2016) (awarding $6,417,878 in punitive damages to plaintiff who asserted claims of gender discrimination, sexual harassment, wrongful termination); RJN Exh. 2, *Tapia.,* No. BC482433 (Cal. Superior Nov. 16, 2015) (awarding $400,000 in punitive damages to plaintiff in discrimination and wrongful termination case); RJN Exh. 3, *Anderton,* No. 34-2013-00149236-CU-WT-GDS (Cal. Superior Sep. 21, 2015) (awarding $2,750,000 in punitive damages to plaintiff in discrimination and wrongful termination claim); RJN Exh. 6, *Leggins v. Rite Aid Corporation*, No. BC511139 (Cal. Superior Jul. 17, 2015) (awarding $5,000,000 in punitive damages to plaintiff asserting employment law claims, including discrimination, violation of the California Family Rights Act, and intentional infliction of emotional distress); RJN Exh. 7, *Kimberly Perry v. eGumball, Inc.,* 30-2013-00692868, Jury Verdicts LEXIS 8141 (June 18, 2015) (awarding plaintiff $400,000 in punitive damages in pregnancy disability leave, gender discrimination, and wrongful termination case); RJN Exh. 4, *Eun Joo Ko,* BC487739 (Cal. Superior June 16, 2014) ($500,000 in punitive damages for wrongful termination).

19. **Attorney's Fees:** Plaintiff also requests an award of attorneys' fees. (Complaint, Prayer for Relief). Although Plaintiff seeks an unspecified amount of attorneys' fees, such fees may be taken into account to determine jurisdictional amounts if a statute authorizes fees to a successful litigant. *Goldberg v. C.P.C. International, Inc.* (9th Cir. 1982) 678 F.2d 1365, 1367; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156; *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700 ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons, supra,* 209 F. Supp. 2d at 1035. "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.* (N.D. Cal. 2002) 243 F. Supp. 2d 1004, 1011; *Celestino v. Renal Advantage, Inc.* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ("the amount in controversy includes not only

damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

20.  Here, counsel for Defendant reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial. (Shaffer Decl., ¶ 7). Defendant's attorney, Nicole M. Shaffer, has represented employers in employment litigation for approximately 13 years in California and is familiar with fees awarded to plaintiff's counsel in similar actions filed in California and federal court. (*Id.*). Based on Mr. Shaffer's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. (*Id.*; see also e.g., RJN Exh. 7, *Perry v. eGumball, Inc.*, No. 00692868 CJC (Cal. Superior Jun. 18, 2015) (disability discrimination and wrongful termination claim awarding punitive damages in the amount of $400,000 and ordering payment of reasonable attorney fees, with the plaintiff's counsel claiming fees in excess of $1 million).

26.  Thus, Plaintiff's demand for lost wage damages, emotional distress damages, punitive damages, double damages, and attorneys' fees combined show that the amount "in controversy" exceeds $75,000. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy, and it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount should she prevail. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, F.3d 383, 386-87 (10th Cir. 1994).

## **CONCLUSION**

30.  Based on the foregoing, Defendant removes this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, *et seq.* because the action is between citizens of different states and on the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

/ / /

/ / /

/ / /

31. WHEREFORE, Defendant respectfully removes the above action pending in the San Diego County Superior Court.

DATED:  October 9, 2019                                       JACKSON LEWIS P.C.

                              By:   */s/ Kaveh S. Hosseini*
                                    Nicole M. Shaffer
                                    Kaveh S. Hosseini

                                    Attorneys for Defendant
                                    VERTEX PHARMACEUTICALS INCORPORATED

# PROOF OF SERVICE

*Jui-Hsiang Fan aka Rachel Fan v. Vertex Pharmaceuticals Incorporated, et al.*

**USDC Case No:**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On **October 9, 2019**, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Adrian Cress, Esq.<br>Cress Law Firm<br>2445 Fifth Avenue, Suite 330<br>San Diego, California 92101 | Attorney for **Plaintiff**<br>Jui-Hsiang Fan aka Rachel Fan<br><br>Telephone:  (619) 393-2126<br>Facsimile:   (619) 393-2127<br>Email : acress@cresslawfirm.com |

☒  **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  **FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **October 9, 2019** at Irvine, California.

Gabriela Rubio                           By: *Gabriela Rubio*
_____                     _____
Print Name                                         Signature

4833-7725-9176, v. 2