Adrian Cress, Esq. SBN 264549
CRESS LAW FIRM
2445 Fifth Ave., Ste. 330
San Diego, CA 92101
Phone: (619) 393-2126
Fax: (619) 393-2127
Email: acress@cresslawfirm.com

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**07/19/2019** at 11:37:32 AM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

Attorney for Plaintiff RACHEL FAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JUI-HSIANG FAN aka RACHEL FAN, an individual<br><br>Plaintiffs<br><br>vs.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, and DOES 1-20 | Case No.: 37-2019-00037705-CU-WT-CTL<br><br>COMPLAINT<br><br>1. **DISCRIMINATION IN VIOLATION OF THE FEHA**<br><br>2. **DISCRIMINATION BASED ON EXERCISE OF LEAVE RIGHTS**<br><br>3. **RETALIATION**<br><br>4. **VIOLATION OF PUBLIC POLICY** |

-1-
COMPLAINT

## FACTS COMMON TO ALL CAUSES OF ACTION

1) Plaintiff Jui-Hsiang Fan aka Rachel Fan is an individual residing in San Diego County, California.

2) Defendant Vertex Pharmaceuticals Incorporated (hereinafter "Vertex") is an employer in the State of California, and is registered as a foreign out of state corporation in California.

3) On information and belief, Vertex' San Diego site is one of Vertex' three global research hubs, and is where the Company's three breakthrough cystic fibrosis (CF) medicines were discovered. In approximately June of 2018, Vertex significantly expanded its research facility in San Diego occupying a new 170,000 square foot building.

4) Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is in some manner responsible for the injury and damage to plaintiff alleged herein.

5) Plaintiff is informed and believes, and thereupon alleges, that in acting, or failing to act, as hereinafter set forth, each and every defendant was acting as the agent, servant, employee, principal, master and employer of each remaining co-defendant, within the course and scope of such agency, servitude and employment, and with the express or implied consent, knowledge and ratification of each such remaining co-defendant.

6) On or about October 2007, Plaintiff began an employment relationship with Vertex wherein Plaintiff worked in the role of a Senior Research Associate.

7) During her tenure with Vertex, Plaintiff performed her duties diligently and skillfully.

8) During her tenure with Vertex, Plaintiff received positive feedback on her performance from supervisors, co-workers, and management for at least 9 years.

9) Plaintiff's work generally involved in component of data analysis, which involves

intellectual work done sitting at a computer, and a component of laboratory data collection, which involves work in a laboratory setting with multiple small samples, working with laboratory equipment, and other fine manual tasks.  Often, Plaintiff would collect data in the lab for several hours in the morning and then analyze that data on the computer in the afternoon.

10) On or about October 2017, Plaintiff suffered significant pain in her hand and upper extremity after performing a particularly physically demanding set of data collection.  Her doctors opined that this was related to repetitive use of her upper extremity in her time at Vertex, pipetting and similar tasks.

11) Following her injury, Ms. Fan had to take occasional absences from work to obtain treatment or evaluation of this injury, and at times had work restrictions.

12) Shortly after her injury, Ms. Fan's workload was reassigned to a junior co-worker who was much younger than her. When the junior coworker was not immediately able to do the work as well as Ms. Fan, Ms. Fan was blamed for not helping her enough.

13) Shortly after her injury, Ms. Fan was reassigned lower priority projects.  She was given less access to equipment, materials and workspace.  Ms. Fan was then blamed when the equipment didn't work as well, and when her work product wasn't as important.

14) In December 2017, Ms. Fan's supervisor, Licong Jiang, noted numerous complaints in Ms. Fan's performance review.  Ms. Fan had always received positive performance evaluations in the past, and many of these evaluations were also completed by Ms. Jiang.

15) Many or all of the complaints alleged against Ms. Fan in the 2017 performance review were not discussed with Ms. Fan at the time of their alleged occurrence.  Ms. Fan was shocked by the allegations, and it was difficult for her to understand what exactly was being alleged against her.  Ms. Fan prepared a detailed factual rebuttal of these allegations and also explained that the allegations were so incorrect that she suspected her hand injury had caused bias in her evaluation.

16) No investigation was made of Ms. Fan's request for help with this bias.

17) In March 2018, Ms. Fan took leave to go to China to assist with her mother's

medical condition. Ms. Fan attempted to request FMLA/CFRA leave for this absence, but was persuaded by human resources to label the trip as vacation time. Ms. Fan was lead to believe that not claiming the absence as FMLA/CFRA leave would be 'easier'.

18) Ms. Fan's husband had a serious surgery requiring her to take a few additional days off immediately following her return from China. FMLA/CFRA paperwork was submitted to Vertex for this portion of Ms. Fan's absence.

19) Within a few days after her return from this FMLA/CFRA leave, on or about April 4, 2018, Ms. Jiang again gave Ms. Fan a negative performance write-up.

20) Ms. Jiang and others continued to criticize Ms. Fan. These criticisms contained untrue allegations, and incorrect reasoning. The untrue allegations and incorrect reasoning always disfavored Ms. Fan. Ms. Fan therefore infers that these criticisms were not merely the product of sloppy work but rather were due to bias and/or a desire to create a pretext to conceal the true motivation for a termination it knew was unlawful.

21) During the time period of May 2018 to July 25, 2018, Ms. Fan also experienced an unusually large number of computer lockouts, materials misdelivery, and other issues in the work environment.

22) On or about July 25, 2018, Ms. Fan again asked Vertex to address her concerns with discrimination and retaliation in the workplace. On information and belief, no investigation was made in response to Ms. Fan's request.

23) On or about August 2, 2018, Ms. Fan was terminated.

24) At the time of termination, Ms. Fan was 48 years old.

**First Cause of Action – Discrimination in Violation of the**

**Fair Employment and Housing Act**

**(Against all named Defendants and DOES 1-5)**

25) Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

26) At all times mentioned herein, Government Code sections 12940 et. seq. were in full force and effect and were binding on Defendants (Hereinafter "the FEHA"). These sections require Defendants to refrain from discriminating against any employee on the basis of Age, actual or perceived Medical Condition, actual or perceived need for Disability Accommodation, and leave protected by the CFRA, among other personal characteristics. On information and belief, each of these factors played a substantial role in Defendants' termination of Plaintiff. The FEHA also requires an employer to investigate and prevent such discrimination. Within the time provided by law, Plaintiff filed her claim with the California Department of Fair Employment and Housing, and received a right-to-sue letter.

27) On information and belief, age related prejudice was part of the impetus for Defendants' discrimination against and termination of Plaintiff. Were Plaintiff younger, her use of CFRA protected leave, and perceived medical condition and work restrictions would not have been regarded as posing a significant problem. Age-related prejudice was part of the reason why her claim was perceived as posing a burden to Vertex, both past and potentially in future.

28) On information and belief, Plaintiff's leave occasioned Defendant to consider that Plaintiff was advancing in age, and to employ untrue age-related stereotypes such as 'old and ill', 'old and demanding of legal rights', 'past one's prime', etc. against her.

29) As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount which has not yet been duly ascertained. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the exact amount of such damages when the same shall become known to her, or to conform to proof thereof at trial.

30) As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, she has suffered and continues to suffer humiliation, emotional

distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

31) Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as herein above alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful, at least to the extent that willful, wanton, and malicious motives of the staff can be imputed to Defendants through the doctrine of respondeat superior. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs' rights as herein above alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in such amount as may abide the discretion of the trier of fact.

32) Plaintiff is informed and believes, and thereupon alleges, that Defendants engaged in other actionable conduct not enumerated in this complaint. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the specific acts when the same shall become known to her, or to conform to proof thereof at trial.

33) As a result of Defendants' discriminatory acts as alleged herein, plaintiff has no plain, adequate or complete remedy at law. Therefore, plaintiff requests that she be made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination.

## Second Cause of Action – Discrimination Based on Exercise of Leave Rights
### (Against all named Defendants and DOES 6-10)

34) Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

35) At all times mentioned herein, the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., (hereinafter "FMLA") were in full force and effect and were binding on Defendants, including the anti-discrimination provisions provisions of 29 U.S. Code

-6-
COMPLAINT

Chapter 29 CFR § 825.220. These sections require Defendants to refrain from discriminating against any employee on the basis of any leave required to be granted under FMLA, or to evade future claims for FMLA protected leave.

36) When terminating her, Defendants discriminated against Plaintiff based in part on her FMLA protected leave claim.

37) Evidence that the motivation for termination included a desire to punish Ms. Fan for exercising, or evade in future, the obligations imposed upon them by FMLA include that she was encouraged to label her trip to care for her mother as 'vacation' and that she received an additional write-up within days after returning from FMLA protected leave.

38) As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount which has not yet been duly ascertained. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the exact amount of such damages when the same shall become known to her, or to conform to proof thereof at trial.

39) As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

40) Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as herein above alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful, at least to the extent that willful, wanton, and malicious motives of the staff can be imputed to Defendants through the doctrine of respondeat superior. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of

Plaintiffs' rights as herein above alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in such amount as may abide the discretion of the trier of fact.

41) Plaintiff is informed and believes, and thereupon alleges, that Defendants engaged in other actionable conduct not enumerated in this complaint. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the specific acts when the same shall become known to her, or to conform to proof thereof at trial.

42) As a result of Defendants' discriminatory acts as alleged herein, plaintiff has no plain, adequate or complete remedy at law. Therefore, plaintiff requests that she be made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination.

### Third Cause of Action – Retaliation
### (Against All Defendants and DOES 11-15)

43) Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

44) Both the FEHA and the FMLA contain anti-retaliation provisions which protect an employee who reasonably reports or complains about certain unlawful conduct.

45) Plaintiff's request for help with discrimination due to her hand injury during the timeframe of her December 2017 performance evaluation represented conduct protected by the anti-retaliation provisions of the FEHA.

46) Plaintiff's formal and informal requests for help during the time period of April 2018 - August 2018 represented conduct protected by the anti-retaliation provisions of the FEHA and the FMLA.

47) On information and belief, Plaintiff's requests for help with discrimination and retaliation were a substantial factor in Vertex' decision to terminate her.

48) As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount which has not yet been duly ascertained. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the exact amount of such damages when the same shall become known to her, or to conform to proof thereof at trial.

49) As a proximate result of Defendants' willful, knowing and intentional violation of public policy, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

50) Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as herein above alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful, at least to the extent that willful, wanton, and malicious motives of the staff can be imputed to Defendants through the doctrine of respondeat superior. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs' rights as herein above alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in such amount as may abide the discretion of the trier of fact.

51) Plaintiff is informed and believes, and thereupon alleges, that Defendants engaged in other actionable conduct not enumerated in this complaint. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the specific acts when the same shall become known to him, or to conform to proof thereof at trial.

52) As a result of Defendants' discriminatory acts as alleged herein, plaintiff has no plain, adequate or complete remedy at law. Therefore, Plaintiff requests that he be made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said retaliation.

**Fourth Cause of Action – Violation of Public Policy**

**(Against All Defendants and Does 16-20)**

53) Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

54) The acts alleged herein represent adverse action including termination against the fundamental public policy collectively imposed by the Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), the Fair Employment and Housing Act (hereinafter "FEHA"), the Family and Medical Leave Act of 1993 (hereinafter "FMLA"); and the California Family Rights Act (hereinafter "CFRA"), and Labor Code Section 132(a).

55) As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount which has not yet been duly ascertained. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the exact amount of such damages when the same shall become known to her, or to conform to proof thereof at trial.

56) As a proximate result of Defendants' willful, knowing and intentional violation of public policy, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

57) Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as herein above alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful, at least to the extent that willful, wanton, and malicious motives of the staff can be imputed to Defendants through the doctrine of respondeat superior. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as herein above alleged. Plaintiff is, therefore, entitled to punitive and

exemplary damages in such amount as may abide the discretion of the trier of fact.

58)     Plaintiff is informed and believes, and thereupon alleges, that Defendants engaged in other actionable conduct not enumerated in this complaint. Plaintiff will, therefore, seek leave of court and amend this complaint to allege the specific acts when the same shall become known to her, or to conform to proof thereof at trial.

59)     As a result of Defendants' acts as alleged herein, plaintiff has no plain, adequate or complete remedy at law. Therefore, Plaintiff requests that she be made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said violation.

WHEREFORE, Plaintiff respectfully requests:

FOR THE FIRST CAUSE OF ACTION: For compensatory damages including lost wages whether classified as front pay, back pay, or other wage loss, lost employee benefits, bonuses, vacation benefits, sick pay, and other special and general damages including emotional distress; For an award of interest, including prejudgment interest, at the legal rate; for correction of Plaintiff's personnel file, For an award to Plaintiff of attorneys fees and costs of suit incurred herein and; For punitive and exemplary damages; For such other and further relief as the court may deem just and proper under the circumstances.

FOR THE SECOND CAUSE OF ACTION:   For compensatory damages including lost wages whether classified as front pay, back pay, or other wage loss, lost employee benefits, bonuses, vacation benefits, sick pay, and other special and general damages including emotional distress; For an award of interest, including prejudgment interest, at the legal rate; for correction of Plaintiff's personnel file, For an award to Plaintiff of attorneys fees and costs of suit incurred herein and; For punitive and exemplary damages; For such other and further relief as the court

may deem just and proper under the circumstances.

FOR THE THIRD CAUSE OF ACTION: For compensatory damages including lost wages whether classified as front pay, back pay, or other wage loss, lost employee benefits, bonuses, vacation benefits, sick pay, and other special and general damages including emotional distress; For an award of interest, including prejudgment interest, at the legal rate; for correction of Plaintiff's personnel file, For an award to Plaintiff of attorneys fees and costs of suit incurred herein and; For punitive and exemplary damages; For such other and further relief as the court may deem just and proper under the circumstances.

FOR THE FOURTH CAUSE OF ACTION: For compensatory damages including lost wages whether classified as front pay, back pay, or other wage loss, lost employee benefits, bonuses, vacation benefits, sick pay, and other special and general damages including emotional distress; For an award of interest, including prejudgment interest, at the legal rate; for correction of Plaintiff's personnel file, For an award to Plaintiff of costs of suit incurred herein and; For punitive and exemplary damages; For such other and further relief as the court may deem just and proper under the circumstances.

Respectfully submitted this 18 day of July, 2019

CRESS LAW FIRM

_____
Adrian Cress
Attorney for Plaintiff

-12-
COMPLAINT