Nicole M. Shaffer (SBN 244366)
Nicole.Shaffer@jacksonlewis.com
Kaveh S. Hosseini (SBN 309658)
Kaveh.Hosseini@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone:   (949) 885-1360
Facsimile:    (949) 885-1380

Attorneys for Defendant
Vertex Pharmaceuticals Incorporated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUI-HSIANG FAN aka RACHEL FAN, an individual,<br><br>  Plaintiff,<br>vs.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, and DOES 1 to 20,<br><br>  Defendants. | Case No.: 3:19-cv-01959-JM-WVG<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VERTEX PHARMACEUTICALS INCORPORATED'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>[Fed. R. Civ. Proc. Rule 12(b)(6)]<br>**Date:    December 9, 2019**<br>**Time:    10:00 a.m.**<br>**Dept.:    5D**<br><br>Complaint Filed: July 19, 2019<br>Trial Date:       None Set |

**TO THE HONORABLE COURT AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

Defendant VERTEX PHARMACEUTICALS INCORPORATED ("Defendant") respectfully submits the following Reply memorandum of points and authorities in support of its Motion to Dismiss Portions of Plaintiff's Complaint of Plaintiff JUI-HSIANG FAN aka RACHEL FAN ("Plaintiff"), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## I. INTRODUCTION

In her Response, Plaintiff Jui-Hsiang Fan aka Rachel Fan ("Plaintiff") fails to meaningfully address Defendant Vertex Pharmaceuticals Incorporated's ("Defendant") arguments for dismissing her request for punitive damages. Like her Complaint, Plaintiff's Response is completely devoid of any factual analysis supporting her claim for punitive damages. Instead, in a failed effort to overcome the flaws in her pleading, Plaintiff relies on inapplicable legal authority, and regurgitates legal conclusions and recitations of outdated law. At best, Plaintiff pleaded the elements of her various claims against Defendant, but fails to outline the requisite facts to show a plausible entitlement to punitive damages.

Not only does Plaintiff fail to provide the factual basis to satisfy an even general averment of malice, oppression or fraud, but there are zero facts that an officer, director, or managing agent authorized or ratified the alleged conduct.

As such, Defendant's Motion to Dismiss should be granted without leave to amend.

### A. **Plaintiff Failed To Plead Sufficient Facts To Prevail On An Award Of Punitive Damages**

Plaintiff's Opposition recites the facts as alleged in her Complaint and asks the Court to read oppression, fraud, or malice into the statements. Plaintiff alleges that she suffered an injury to a right upper extremity, and while taking time off work, her job duties were assigned to a more junior coworker, and that she was blamed for the coworker's inability to complete tasks. (Dkt. No 1-2 at ¶¶ 10-12). Plaintiff alleges that her injury was a factor in her being written up and that she suffered "an unusually large number of computer lockouts, materials misdelivery, and other issues in the work environment." (Dkt. No 1-2 at ¶¶ 10-12, 20-21). Plaintiff contends that she complained of retaliation and discrimination and was terminated approximately one week later. (Dkt. No 1-2 at ¶¶ 22-23).

/ / /

As discussed in Defendant's moving papers, the mere allegation of a violation is "not sufficient to warrant an award of punitive damages." *Grieves v. Super. Ct.*, 157 Cal. App. 3d 159, 166 (1984). Plaintiff fails to allege or persuasively argue that the computer lockouts, and materials misdelivery were anything other than misfortunes. There is no alleged harassment, rather an alleged adverse action in the form of termination. Again, nothing more than the elements of a discrimination claim. Allegedly being blamed for a co-workers inabilities to complete tasks, and having those allegedly high priority duties removed are again, nothing more than potentially evidence of a discriminatory intent – not allegations of "clear and convincing" evidence of malice, oppression, or fraudulent intent.

Critically, Plaintiff also does not dispute that she failed to allege knowledge, authorization, or ratification by an officer, director, or managing agent. Instead, Plaintiff claims that she is not "required to allege facts with a level of specificity that is only within the knowledge of the Defendant." (Plaintiff's Response, p. 65:1-3). This is inaccurate. Plaintiff asserts in conclusory fashion that "[i]t's virtually impossible to imagine that [Plaintiff's] repeated requests for help, including written requests, were ignored by unintentional accident or through employee deviance that was not either directed, approved, or ratified by an agent of the corporation." (Plaintiff's Response, p. 5:10-14). Plaintiff's speculation does not transform her allegations into factual allegations sufficient to render an award of punitive damages plausible.

## II. PLAINTIFF'S RELIANCE ON *BRANDON, NEUBRONNER, AND CLARK* IS MISGUIDED

Plaintiff primarily relied on three cases (the decisions in *Brandon v. Rite Aide Corp., Inc.,* 408 F.Supp.2d 964 (E.D. Cal. 2006), *Neubronner v. Millken*, 6 F.3d 666 (9th Cir. 1993), and quotes *Clark v. Allstate*, 106 F.Supp.2d 1016 (S.D. Cal. 2000)) to argue that she has pled sufficient facts to be awarded punitive damages. The facts of *Brandon, Neubronner, and Clark* are decidedly different from what Plaintiff's Complaint presents here.

In *Brandon*, the plaintiff was terminated for violating the company's workweek policy, insubordination, and committing time fraud. *Brandon*, *supra*, 408 F.Supp.2d at 969-971. The plaintiff filed a sex discrimination suit with the DFEH and was terminated three weeks later. *Id.* At 971.  In *Brandon*, the court denied the employer's motion for summary judgment and found in Brandon's favor because it had received no evidence contrary to Plaintiff's testimony regarding the policy alleged to have been terminated. *Id.* at 982.  Further, the employer did not raise the issue of whether its employees who terminated plaintiff qualified as officers, directors or managing agents. *Id.* at 982.

Here, critically, Plaintiff makes no showing that her termination required the approval of Defendant's managing agent.  Plaintiff merely speculates that her supervisor gave her negative performance reviews.  (Plaintiff's Response, p. 2:1-2).  Plaintiff cannot recover punitive damages or state a claim for such when she fails to allege facts supporting such showing.  *Fulfer v. Winco Holdings, Inc.*, No. 1:15-cv-00999-TLN-EPG, 2019 U.S. Dist. LEXIS 185492, at *123 (E.D. Cal. 2019).

Plaintiff's reliance on *Neubronner* is also factually distinguishable, inapplicable and is in fact detrimental to plaintiff's argument.  The plaintiff in *Neubronner* brought a suit against investment bankers for insider trading and securities fraud.  *Neubronner, supra*, 6 F.3d 666 at 668.  The plaintiff failed to survive five motions to dismiss, each time the court advising that plaintiff needed to plead his claims with greater specificity to support allegations made on information and belief.  *Id.*  Indeed, the plaintiff was still unable to satisfy the relaxed version of Rule 9(b) as his allegations were based on no more than his suspicions.  *Id*. at 673.

Here, Plaintiff has brought a suit against her former employer for alleged discrimination, retaliation, and violation of public policy.  Plaintiff has not asserted a cause of action for fraud and provides no authority to support her contention that "use of pretext involves deception and is related in reason to fraud." (Plaintiff's Response p. 4:25-26.)  Further, Plaintiff's conclusory and speculative allegations would not sustain an award of punitive damages, even if held to the standard of Rule 9(b).  Plaintiff's

allegations lack specificity to determine whether the alleged conduct, even if occurred, was made with malice, oppression, or fraudulent intent.

Finally, Plaintiff relies on and extensively quotes *Clark v. Allstate*, 106 F.Supp.2d 1016 (S.D. Cal. 2000) to support her contention that her claim for punitive damages can be supported by conclusory language as opposed to California's heightened pleading standards.  However, at least two California federal courts have held that the *Clark's* analysis of Rule 8(a) and 9(b) is inapplicable because *Clark* was decided prior to *Twombly and Iqbal*.  *L & S Enters. v. Sentinel Ins. Co.,* No. EDCV 16-1841-SVW-SPx, 2016 U.S. Dist. LEXIS 195928, at *5 (C.D. Cal. 2016); *MCI Communs. Servs. v. Sec. Paving Co.,* No. 1:15-CV-01940-LJO-JLT, 2016 U.S. Dist. LEXIS 49249, at *11-12 (E.D. Cal. 2016) (reasoning that the case pre-dates *Twombly and Iqbal* and contains no independent reasoning as to why the heightened pleading standards should not apply to claims of punitive damages in a diversity case.); *Kelley v. Corr. Corp. of Am.,* 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (holding that the *Twombly* and *Iqbal* pleading standards apply to claims for punitive damages to cases in diversity in federal court.)

In *L & S Enters,* the court found that the claim for punitive damages was "nothing more than conclusory allegations" and dismissed the request.  *L & S Enters. v. Sentinel Ins. Co.,* supra, 2016 U.S. Dist. LEXIS 195928.  The court determined that the plaintiff was inviting the court to read into facts describing only a breach of contract "an evil motive based on nothing more than Plaintiffs bare characterization of Defendant's motives as evil," which it was unwilling to do. *Id.* at *4.

### III. DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(6) IS PROPER

Plaintiff contends that Defendant's motion "resembles a [Rule 12(f)] motion to strike" and as such "would have provided a more detailed argument against a motion to to [sic] strike."  (Plaintiff's Response 11:25-28).  Defendant's Motion is styled as a Rule 12(b)(6) motion to dismiss, which, as Defendant stated in its Motion, has been held as the proper procedural mechanism for challenging punitive damages.  *In re: Yahoo! Inc.*

*Customer Data Sec. Breach Litig.*, 313 F.Supp.3d 1113, 147(N.D. Cal. 2018). Defendant is aware that some courts have ruled on requests to dismiss punitive damages as motions to strike. There appears to be a divide amongst and within the district courts. (*See Davis v. Sentinel Ins. Co.,* 2018 U.S. Dist. LEXIS 179480, ruled on motion to dismiss punitive damage claim) Regardless of the procedural vehicle, the advanced arguments are not materially impacted – Plaintiff's claim for punitive damages is without factual support and should be dismissed and/or stricken. Plaintiff does not dispute that the motion is proper.

## IV.   CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss Portions of Plaintiff's Complaint, without leave to amend.

DATED:  December 2, 2019                    JACKSON LEWIS P.C.

                                By:    */s/ Nicole M. Shaffer*
                                       Nicole M. Shaffer
                                       Kaveh S. Hosseini

                                       Attorneys for Defendant
                                       VERTEX PHARMACEUTICALS INCORPORATED

# PROOF OF SERVICE

*Jui-Hsiang Fan aka Rachel Fan v. Vertex Pharmaceuticals Incorporated, et al.*
**USDC Case No: 3:19-cv-01959-JM-WVG**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On **December 2, 2019**, I caused the following document(s) described as: **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VERTEX PHARMACEUTICALS INCORPORATED'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT** to be served on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Adrian Cress, Esq.<br>Cress Law Firm<br>2445 Fifth Avenue, Suite 330<br>San Diego, California 92101 | Attorney for **Plaintiff**<br>Jui-Hsiang Fan aka Rachel Fan<br><br>Telephone:  (619) 393-2126<br>Facsimile:   (619) 393-2127<br>Email: acress@cresslawfirm.com |

☒ **BY ELECTRONIC SUBMISSION** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **December 2, 2019** at Irvine, California.

Katie Post                            By: _/s/ Katie Post_
Print Name                                      Signature

4812-8753-6814, v. 3