UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUI-HSIANG FAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VERTEX PHARMACEUTICALS INCORPORATED,<br><br>　　　　　　　　　　Defendant. | Case No.: 19cv1959 JM (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Jui-Hsiang Fan ("Plaintiff") moves to remand this action to the Superior Court of California for the County of San Diego based on a lack of diversity jurisdiction. (Doc. No. 6.) Defendant Vertex Pharmaceuticals Incorporated ("Defendant) opposes. (Doc. No. 16.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **DENIED**.

**I.　LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is

different from each defendant's citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation's citizenship is based on its state of incorporation as well as its "principal place of business," which the Supreme Court has referred to as its "nerve center, usually its main headquarters," where "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

## II. DISCUSSION

In support of removal based on diversity jurisdiction, Defendant submitted a declaration by Karen Sylvester, Human Resource Business Partner Director. (Doc. No. 1-3 ¶ 2.) Ms. Sylvester states that she has knowledge of Defendant's business operations and information regarding the overall direction, control, and coordination of Defendant's business activities. (*Id.*) She states that Defendant is incorporated in Massachusetts and Defendant's principal place of business and headquarters are in Boston, as they were at the time of filing the Complaint. (*Id.* ¶¶ 4-5.) Finally, Ms. Sylvester states that the corporate officers located in Boston direct, control, and coordinate activities, which include matters related to financing, marketing, advertising, directing general business strategy, accounting, financial reporting, litigation management, mergers and acquisitions, and the size of the Defendant's workforce. (*Id.* ¶ 6.)

For several reasons, Plaintiff argues Ms. Sylvester's declaration is insufficient to show diversity. First, Plaintiff argues that Ms. Sylvester's averments are "very conclusory," do not lay a proper foundation, and are "legalistic" in tenor. (Doc. No. 6 at 5.) Plaintiff points out that Ms. Sylvester does not identify a single high-level director by name, indicates that she observed any particular high-level employee at work, or explain

2

19cv1959 JM (WVG)

how she may have acquired personal knowledge of high-level decisions. (*Id.*) Plaintiff also points out that, according to her online LinkedIn profile, Ms. Sylvester is located in San Diego. (*Id.* at 6.) Second, Plaintiff points out that a June 18, 2018 online press release titled "Vertex Opens Expanded Research Site in San Diego" states that Defendant opened a 170,000 square foot research facility in San Diego. (*Id.*) The press release states "[t]he San Diego site is one of Vertex's three global research hubs[.]" (Doc. No. 6-1 at 34.) Third, Plaintiff argues Defendant did not sufficiently investigate its own business because it failed to disclose, as it did in a 2016 case, that T. Rowe Price was an owner of more than 10 percent of Defendant's stock. (*Id.* at 7.) Fourth, Plaintiff argues the case should be remanded because Defendant failed to attach Plaintiff's summons to its Notice of Removal and because Defendant failed to attach additional copies of all exhibits to its Notice of Filing in state court. (*Id.*) As a result, Plaintiff states that she was inconvenienced in assessing the timeliness of the removal. (*Id.*)

Ms. Sylvester's declarations as to Defendant's citizenship are not "very conclusory" and do not lack a proper foundation. They are statements under oath by an employee with personal knowledge as to a corporate defendant's citizenship that are typical of those commonly used to show diversity. The "legalistic tenor" of her declaration serves more to support its veracity than to cast any doubt on Defendant's Massachusetts citizenship. Furthermore, Plaintiff cites no authority, and the court is aware of none, requiring those testifying as to a corporation's citizenship to identify high-level directors by name, observe high-level employees at work, or explain how they acquired personal knowledge of high-level decisions. The fact that Ms. Sylvester, who is not an officer or director, works in San Diego instead of Boston provides minimal, if any, support for Plaintiff's claim that Defendant's principal place of business is in San Diego. The fact that Defendant operates one of its three "global research hubs" in San Diego also provides minimal, if any, support for Plaintiff's claim, especially given that the same press release upon which Plaintiff relies states that, as of June 18, 2018, "Vertex's headquarters is now located in Boston's Innovation District." (Doc. No. 6-2 at 34.) Finally, in response to Plaintiff's motion,

3

19cv1959 JM (WVG)

Defendant provided a declaration from Damian Wilmot, Senior Vice President, who was formerly the Defendant's chief litigation counsel, stating that Defendant's principal place of business and state of incorporation is Massachusetts.  (Doc. No. 19-3.)  Mr. Wilmot states that he is located in Boston and has personal knowledge of Defendant's executive directors.  (*Id.*)

With respect to the procedural deficiencies identified by Plaintiff, Defendant concedes that it failed to initially disclose that T. Rowe Price owned more than 10 percent of Defendant's stock, (Doc. No. 16 at 5), but filed an amended corporate disclosure statement curing this defect, (Doc. No. 15).  Defendant also concedes that it inadvertently failed to attach a copy of the summons to its Notice of Removal, (Doc. No. 16 at 5), but subsequently cured that defect as well, (Doc. No. 10).  Other courts have found the same or similar defects to be curable.  *See Koklich v. California Dep't of Corr.*, Case No. 1:11cv1403 DLB, 2012 WL 653895, at *2 (E.D. Cal. Feb. 28, 2012) (listing cases).  Plaintiff concedes that she was still able to assess the timeliness of the removal.  (Doc. No. 17 at 7.)  Finally, Plaintiff cites no binding authority, and the court is aware of none, finding that 28 U.S.C. § 1446(c) required Defendant to attach copies of all exhibits to its Notice of Filing with the state court, or that the failure constituted an incurable jurisdictional defect.  Plaintiff concedes that "caselaw is unclear as to whether failing to attach all documents served with the complaint is, by itself, a jurisdictional defect that requires remand."  (Doc. No. 6 at 8.)   Accordingly, none of the procedural defects identified by Plaintiff amount to a jurisdictional defect that has not or could not be cured.  With respect to the instant motion, Defendant met its burden of showing federal jurisdiction based on diversity of citizenship.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.

DATED: January 22, 2020

JEFFREY T. MILLER
United States District Judge

4

19cv1959 JM (WVG)